EILEEN R. RIDLEY, CA Bar No. 151735
eridley@foley.com
**FOLEY & LARDNER LLP**
555 CALIFORNIA STREET, SUITE 1700
SAN FRANCISCO, CA 94104-1520
TELEPHONE: 415.434.4484
FACSIMILE: 415.434.4507

JOHN J. ATALLAH, CA Bar No. 294116
jatallah@foley.com
COLE K. WALDHAUSER, CA Bar No. 345928
cwaldhauser@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2418
TELEPHONE: 213.972.4500
FACSIMILE: 213.486.0065

Attorneys for Defendant Mindvalley, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE COURTHOUSE**

KIMBERLY THORNTON, Individually and on Behalf of Others Similarly Situated,

Plaintiff,

vs.

MINDVALLEY, INC.,

Defendant.

Case No. 5:24-cv-00593-BLF

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

*[Motion to Dismiss, Declarations of Janja Živko and John J. Atallah, and [Proposed] Orders Filed Concurrently Herewith]*

Date: August 15, 2024
Time: 9:00 a.m.
Ctrm: 3

Complaint Filed: January 31, 2024
FAC Filed: February 6, 2024

District Judge: Hon. Beth Labson Freeman

In accordance with Federal Rule of Evidence 201 Defendant Mindvalley, Inc. ("Mindvalley") respectfully requests that this Court, in its consideration of Mindvalley's concurrently filed Motion to Dismiss Plaintiff's Complaint, take judicial notice of the exhibits attached to the accompanying Declaration of John J. Atallah in support of Mindvalley's Motion to Dismiss ("Atallah Decl."):

1. A true and correct copy of Mindvalley's publicly available Privacy Policy in effect during the earliest potential periods of Plaintiff's alleged subscription (*i.e.*, within the limitations period) until it was modified on June 23, 2023. (Atallah Decl., **Ex. A**.)

2. A true and correct copy of Mindvalley's publicly available Privacy Policy in effect from June 23, 2023, through the present. (Atallah Decl., **Ex. B**.)

3. A true and correct copy of Mindvalley's publicly available Terms & Conditions in effect from August 21, 2021, through the present. (Atallah Decl., **Ex. C**.)

4. A true and correct copy of a version of Mindvalley's publicly available Cookie Policy as it appeared on Mindvalley's website during the period of Plaintiff's alleged subscription. (Atallah Decl., **Ex. D**.)

5. A true and correct copy of Mindvalley's publicly available Checkout Page disclosures in effect January 31, 2022, and the publicly available Checkout Page in effect October 31, 2023. (Atallah Decl., **Ex. E**.)

6. A true and correct copy of Mindvalley's publicly available Create Account page as it appeared on Mindvalley's website during the period of Plaintiff's alleged subscription. (Atallah Decl., **Ex. F**.)

The Court may properly consider these exhibits in ruling on Mindvalley's Motion to Dismiss under the doctrine of incorporation by reference, which allows a district court to consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). This judicially-created doctrine "allows a court to consider certain documents as though they were part of the complaint itself. *Rutter v. Apple, Inc.*, No. 21-cv-04077-HSG, 2022 WL 1443336, at *3 (N.D. Cal. May 6, 2022). It serves to "prevent plaintiffs from cherry-picking certain portions of documents that support their claims, while omitting portions that weaken their claims." *Id.* It is thus appropriate if "the document

forms the basis of plaintiff's claim." *Id.*; *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

The evidentiary doctrine of completeness applies equally. Rule 106 of the Federal Rules of Evidence provides: "If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part – or any other writing or recorded statement – that in fairness ought to be considered at the same time." Fed. R. Evid. 106. Plaintiff has presented in the Complaint partial screenshots from Mindvalley's website (Compl. ¶¶ 34, 64–65), which on their face are incomplete. Mindvalley is thus entitled to present the whole of these writings and the related excerpts to ensure all relevant context is taken into consideration. *See In re Chase Bank USA, N.A. CHECK LOAN Cont. Litig.*, 274 F.R.D. 286, 289 n.1 (N.D. Cal. 2011) (admitting into evidence exhibits containing "further excerpts from deposition transcripts" because "the additional excerpts provide context for the excerpts on which plaintiffs rely.").

Mindvalley's Privacy Policy, Terms & Conditions, Cookie Policy, and Checkout Pages are properly subject to doctrines of the incorporation by reference and completeness. Plaintiff's Complaint references and relies on incomplete and inaccurate representations regarding the contents of Mindvalley's website, the general steps taken to create a Mindvalley account and to subscribe to Mindvalley's paid offerings, and Plaintiff's interactions with Mindvalley. (*See* Compl. ¶¶ 34, 64–65, 79.) To complete the referenced writings, correct the record, and offer a more fulsome picture of Plaintiff's alleged transactions and Mindvalley's disclosures, the true and correct website excerpts are properly admissible and judicially noticeable at this stage. Accordingly, Mindvalley respectfully requests the Court take judicial notice of Exhibits A through F to the Declaration of John J. Atallah.

DATED: April 8, 2024

**FOLEY & LARDNER LLP**
Eileen R. Ridley
John J. Atallah
Cole K. Waldhauser

*/s/ John J. Atallah*
JOHN J. ATALLAH
Attorneys for Defendant Mindvalley, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2024, I electronically filed **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS COMPLAINT** with the Clerk of the Court for the United States District Court, Northern District of California, by using the Court's CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the Court's CM/ECF system.

I declare under penalty of perjury under the laws of the United States that the forgoing is true and correct.

Executed on April 8, 2024, at Los Angeles, California.

*/s/ John J. Atallah*
John J. Atallah