UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KIMBERLY THORNTON, et al.,
Plaintiffs,
v.
MINDVALLEY, INC.,
Defendant.

Case No. 24-cv-00593-EKL (SVK)

**ORDER ON JOINT DISCOVERY SUBMISSION**

Re: Dkt. No. 57

Before the Court is the Parties' Joint Discovery Submission (the "Submission") in which Plaintiffs seek to compel interrogatory responses and document productions from Defendant Mindvalley, Inc. ("Defendant" or "Mindvalley"). Having reviewed the Submission, record and relevant case law, the Court determines that this matter may be resolved without oral argument. *See* Civil Local Rule 7-1(b). The Court's rulings and reasoning are set forth in the attached joint chart. Where the Court orders responses to interrogatories, **the responses must be verified at the time of service**, and where the Court orders productions of documents, **the productions must be made no later than October 15, 2024**. Nothing in this Order limits the Parties' obligations pursuant to Federal Rule of Civil Procedure 26(e) to supplement responses and productions as additional information becomes available.

///

///

///

///

///

///

///

United States District Court
Northern District of California

The Parties are admonished that the summary chart is just that—a summary—for the Court's convenience. It is neither necessary nor helpful to the Court for the Parties to repeat arguments from the Submission in the summary chart. Further, the Court does not consider any arguments that appear only in the chart and not in the Submission.

**SO ORDERED.**

Dated: September 13, 2024

SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California

# ATTACHMENT TO COURT ORDER

| Plaintiffs' Discovery Request | Content Of Request | Mindvalley's Objection | Plaintiffs' Proposed Compromise | Mindvalley's Response | Court Order |
|---|---|---|---|---|---|
| Interrogatory No. 1 | Explain step-by-step how You installed the Pixel on Mindvalley's Website or any other Mindvalley property, including how you configured the Pixel (i.e., chose what information it would disclose to Meta), and any changes You made to how the Pixel operated on Mindvalley's Website from January 31, 2022 through the present. | Mindvalley objects on the grounds that this interrogatory is unreasonably broad as to time and scope and therefore imposes an undue burden on Mindvalley. Mindvalley further objects to the temporal scope of the request, as Plaintiffs' claim for violation of the VPPA carries a two-year statute of limitations and Plaintiffs filed their First Amended Complaint more than two years after January 31, 2022.<br>Subject to and without waiving the foregoing general and specific objections, Mindvalley responds as follows: Mindvalley refers Plaintiffs to its response to Request for Production No. 2. | Plaintiffs do not believe that Mindvalley has any colorable basis for its (1) reliance on Rule 33(d) to generally point to future document productions, or (2) refusal to produce class discovery during the pendency of its motion to bifurcate and stay. Plaintiffs have attempted to compromise by providing Mindvalley additional time to gather the requested information and supplement its answers. But Mindvalley has not used that time to supplement its answers or produce documents and has instead continued to delay responding to Plaintiffs' Interrogatories on the grounds that future document productions may answer Plaintiffs' questions. As noted above, this delay is both inconsistent with the deadlines in the Federal Rules and threatens to undermine Plaintiffs' ability to complete discovery on the schedule set by the Court. Plaintiffs are left with no option but to request that the Court order Mindvalley to fully answer Plaintiffs' interrogatories and | Mindvalley has already agreed to "amend its interrogatory responses that rely on an identification of documents to either provide a narrative response or to identify specific documents by Bates number." Mindvalley is working diligently to track down documents and records that would provide the information necessary for those responses and anticipates making further document productions in the near future, which would include the documents upon which Mindvalley relied to provide supplemental interrogatory responses. Mindvalley will supplement its responses to Interrogatory Nos. 1, 3-5, and 7-8 within a reasonable timeframe to either provide narrative responses, identify specific documents by Bates number, or state that it does not possess the requested information. | Defendant's offer of compromise, while reflecting the proper content, is without any deadline, and as such is illusory.<br><br>Accordingly, Defendant is **ORDERED** to provide a narrative response to the interrogatory reflecting all responsive facts of which Defendant is aware and/or to identify specific, responsive documents, by bates number, no later than **October 15, 2024**. The Court finds that 32 days is sufficient time to respond, as the discovery requests have been pending for several months.<br><br>Any documents identified in response to this interrogatory **must be produced at the time the response is served**. |

| | | | | | |
|---|---|---|---|---|---|
| | | | produce responsive documents within seven (7) days from entry of an order on this Joint Discovery Statement. | | |
| Interrogatory No. 3 | Identify every Mindvalley platform, including its Website and any apps, on which the Pixel is or was installed from January 31, 2022 through the present, including that date the Pixel was installed on each platform and the date it was uninstalled, if applicable. | Mindvalley objects on the grounds that this interrogatory is unreasonably broad as to time and scope and therefore imposes an undue burden on Mindvalley. Mindvalley further objects to the temporal scope of the request, as Plaintiffs' claim for violation of the VPPA carries a two-year statute of limitations and Plaintiffs filed their First Amended Complaint more than two years after January 31, 2022. Subject to and without waiving the foregoing general and specific objections, Mindvalley responds as follows: Mindvalley refers Plaintiffs to its response to Requests for Production Nos. 2, 4 and 8. | *See id*. | *See id*. | *See* Court Order re Interrogatory No. 1, above. |

| | | | | | |
|---|---|---|---|---|---|
| Interrogatory No. 4 | Describe any and all efforts taken by Mindvalley to obtain Mindvalley's subscribers' "informed, written consent" under 18 U.S.C. § 2710(b)(2)(B) to disclose Mindvalley's subscribers' personal information to Meta. | Subject to and without waiving the foregoing general objections, Mindvalley responds as follows: Mindvalley refers Plaintiffs to its response to Request for Production No. 9. | *See id.* | *See id.* | *See* Court Order re Interrogatory No. 1, above. |
| Interrogatory No. 5 | List the categories of subscriber information Mindvalley shares with Meta from January 31, 2022 through the present, including the date that You began sharing each category of subscriber information with Meta and that date that You stopped sharing each category of information with Meta, if applicable. | Mindvalley objects to the temporal scope of the request, as Plaintiffs' claim for violation of the VPPA carries a two-year statute of limitations and Plaintiffs filed their First Amended Complaint more than two years after January 31, 2022. Mindvalley therefore construes this request as seeking information from the two years preceding Plaintiffs' filing of their First Amended Complaint in this action on April 29, 2024. Mindvalley further objects to the scope of this interrogatory as not relevant to | *See id.* | *See id.* | *See* Court Order re Interrogatory No. 1, above. |

| | | | | | |
|---|---|---|---|---|---|
| | | Plaintiffs' claims or Mindvalley's defenses. The unrestricted request for "categories of subscriber information" seeks information outside of Plaintiffs' personally identifiable information under the VPPA, which is the sole basis for Plaintiffs' cause of action. Mindvalley further objects to the extent this request seeks premature discovery of information relating to the putative class, for the reasons set forth in objection to Interrogatory No. 9. Subject to and without waiving the foregoing general and specific objections, Mindvalley responds as follows: Mindvalley refers Plaintiffs to its response to Request for Production No. 11. | | | |

| | | | | | |
|---|---|---|---|---|---|
| Interrogatory No. 7 | Describe in detail any information or data sent to You by Meta that derives from the Pixel embedded in Your Website, including any changes to the nature of that information from January 31, 2022 through the present. | Mindvalley objects on the grounds that this interrogatory is unreasonably broad as to time and scope and therefore imposes an undue burden on Mindvalley. Mindvalley further objects to the temporal scope of the request, as Plaintiffs' claim for violation of the VPPA carries a two-year statute of limitations and Plaintiffs filed their First Amended Complaint more than two years after January 31, 2022. Subject to and without waiving the foregoing general and specific objections, Mindvalley responds as follows: Mindvalley refers Plaintiffs to its response to Requests for Production Nos. 3, 4, and 27. | *See id.* | *See id.* | *See* Court Order re Interrogatory No. 1, above. |

| | | | | | |
|---|---|---|---|---|---|
| Interrogatory No. 8 | Describe the subject matter of your communications with Meta since January 31, 2022 through the present concerning this lawsuit and/or the Pixel and any information derived therefrom. Any answer must include the names and titles of any Mindvalley employee, any Meta employee, or any outside counsel for Mindvalley or Meta that were included in these communications. This interrogatory does not seek information concerning any internal, privileged communications between Mindvalley and its counsel on these subject matters. | Mindvalley objects on the grounds that this interrogatory is unreasonably broad as to time and scope and therefore imposes an undue burden on Mindvalley. Mindvalley further objects to the temporal scope of the request, as Plaintiffs' claim for violation of the VPPA carries a two-year statute of limitations and Plaintiffs filed their First Amended Complaint more than two years after January 31, 2022. Subject to and without waiving the foregoing general and specific objections, Mindvalley responds as follows: Mindvalley refers Plaintiffs to its response to Requests for Production Nos. 3, 4, and 27. | *See id.* | *See id.* | *See* Court Order re Interrogatory No. 1, above. |

| | | | | | |
|---|---|---|---|---|---|
| Interrogatory No. 9 | Identify the total number of subscribers to Mindvalley's platforms whose Personally Identifiable Information was transmitted to Meta through the Pixel installed on your platforms, including your Website and any apps, from January 31, 2022 to the present. | Mindvalley objects to the interrogatory as seeking the premature disclosure of class information prior to the determination of threshold questions of individual merit. The request is aimed at information bearing on class certification, namely, the size and makeup of the contemplated class. Plaintiffs will have the opportunity to propound class discovery following the resolution of the pending motion to dismiss.<br>The request is not sufficiently "tailor[ed] . . . to the immediate needs of the case." *Mattell Inc.*, 353 F.3d at 813. Mindvalley further objects to the temporal scope of the request, as Plaintiffs' claim for violation of the VPPA carries a two-year statute of limitations and Plaintiffs filed their First Amended | *See id*. | In the event the Court denies Mindvalley's Motions, Mindvalley will provide a supplemental response to Interrogatory No. 9 and produce documents responsive to RFPs 6, 7, 16, and 17 within a reasonable timeframe following entry of an Order denying Mindvalley's Motions. This will ensure that Plaintiffs receive their requested discovery well before the close of fact discovery. It will also ensure that Mindvalley is not required to expend significant resources and time in the event the Court grants Mindvalley's Motions. | Defendant's sole objection to Interrogatory no. 9 and Request for Production nos. 6, 7, 16 and 17 is based upon its pending motion to dismiss (Dkt. 28) and motion to bifurcate and stay class discovery (Dkt. 37). Defendant's objection is **OVERRULED**.<br><br>Discovery in this case is open, without restriction. *See* Dkt. 43. The presiding judge, the Honorable Eumi K. Lee, will rule on the motions in due course. However, nothing in the Federal Rules of Civil Procedure or the case management order supports the delay of discovery pending resolution of the motions.*<br><br>Accordingly, Defendant is **ORDERED** to provide a narrative response to the interrogatory reflecting all responsive facts of which Defendant is aware and/or to identify specific, responsive documents, by bates number, no later than **October 15, 2024**. The Court finds that 32 days is sufficient time to respond, as the discovery requests have been pending for several months.<br><br>Any documents identified in response to this interrogatory **must be produced at the time the response is served**.<br><br>*The undersigned has conferred on this issue with Judge Lee. |

| | | | | | |
|---|---|---|---|---|---|
| | | Complaint more than two years after January 31, 2022. | | | |
| Request No. 6 | All Documents Concerning analyses, reports, analytics, or other compilations or summaries of information or data Concerning Mindvalley's subscribers transmitted via the Pixel to Meta, or any other third-party, provided to or available to You. | Mindvalley objects on the basis that the request seeks the premature disclosure of class information prior to the determination of threshold questions of individual merit and Plaintiffs' ability to represent the putative class, as set forth in Mindvalley's Motion to Bifurcate and Stay Class Discovery. The request for information or data concerning all Mindvalley subscribers is unduly burdensome at this stage of litigation, particularly where there exist significant questions about Plaintiffs' ability to bring their claims on behalf of the class they purport to represent. Therefore, the request is not sufficiently "tailor[ed] . . . to the immediate needs of the case." *Mattel Inc. v. Walking Mountain Prod.*, 353 F.3d 792, 813 (9th Cir. 2003). | *See id.* | *See id.* | Defendant's sole objection to Interrogatory no. 9 and Request for Production nos. 6, 7, 16 and 17 is based upon its pending motion to dismiss (Dkt. 28) and motion to bifurcate and stay class discovery (Dkt. 37). Defendant's objection is **OVERRULED**.<br><br>Discovery in this case is open, without restriction. *See* Dkt. 43. The presiding judge, the Honorable Eumi K. Lee, will rule on the motions in due course. However, nothing in the Federal Rules of Civil Procedure or the case management order supports the delay of discovery pending resolution of the motions.*<br><br>Accordingly, Defendant is **ORDERED** to produce responsive documents no later than **October 15, 2024**. The Court finds that 32 days is sufficient time to respond, as the discovery requests have been pending for several months.<br><br>*The undersigned has conferred on this issue with Judge Lee. |

| | | | | | |
|---|---|---|---|---|---|
| Request No. 7 | Documents sufficient to show transmissions of data or information from Mindvalley's to Meta via the Pixel that include: (i) a Mindvalley's subscriber's Facebook ID; and (ii) the titles of any videos requested or obtained by Mindvalley's subscribers; the URL of any videos requested or obtained by Mindvalley's subscribers; and/or any other data or information that provides the title of the video materials that Mindvalley's subscribers requested or obtained. | Mindvalley objects on the basis that the request seeks the premature disclosure of class information prior to the determination of threshold questions of individual merit and Plaintiffs' ability to represent the putative class, as set forth in Mindvalley's Motion to Bifurcate and Stay Class Discovery. The request for documents reflecting Mindvalley subscribers' Facebook IDs and the titles and URLs of "any videos requested or obtained" for all Mindvalley subscribers is unduly burdensome at this stage of litigation, particularly where there exist significant questions about Plaintiffs' ability to bring their claims on behalf of the class they purport to represent. Therefore, the request is not sufficiently "tailor[ed] . . . to the immediate needs of the case." *Mattel Inc. v. Walking Mountain Prod.*, | *See id.* | *See id.* | *See* Court Order re Request No. 6, above. |

| | | | | | |
|---|---|---|---|---|---|
| | | 353 F.3d 792, 813 (9th Cir. 2003). | | | |
| Request No. 16 | Documents sufficient to show the number of Your subscribers for whom the following information was transmitted to Meta: (i) their Facebook IDs, and (ii) the titles of any videos requested or obtained by Your subscribers; the URL of any videos requested or obtained by Your subscribers; and/or any other data or information that provides the title of the video materials Your subscribers requested or obtained. | Mindvalley objects on the basis that the request seeks the premature disclosure of class information prior to the determination of threshold questions of individual merit and Plaintiffs' ability to represent the putative class, as set forth in Mindvalley's Motion to Bifurcate and Stay Class Discovery. This request is plainly aimed at information bearing on class certification, namely, the size and makeup of the contemplated class. The request is not sufficiently "tailor[ed] . . . to the immediate needs of the case." *Mattel Inc.*, 353 F.3d at 813. | *See id*. | *See id*. | *See* Court Order re Request No. 6, above. |

| | | | | | |
|---|---|---|---|---|---|
| Request No. 17 | Documents sufficient to Identify all persons whose Personally Identifiable Information was disclosed to Meta from Defendant through the Pixel. | Mindvalley objects to this request on the same basis as it objects to Request No. 16. | *See id*. | *See id*. | *See* Court Order re Request No. 6, above. |