United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KIMBERLY THORNTON, et al.,
Plaintiffs,
v.
MINDVALLEY, INC.,
Defendant.

Case No. 24-cv-00593-EKL

**ORDER DENYING MOTION TO DISMISS AMENDED COMPLAINT AND STRIKE CLASS ALLEGATIONS, AND MOTION TO BIFURCATE AND STAY CLASS DISCOVERY**

Re: Dkt. No. 28, 37

In this putative class action, Plaintiffs Patricia Gooiker and William Finley ("Plaintiffs") allege that the data-sharing practices of Defendant Mindvalley, Inc. ("Defendant" or "Mindvalley") violate the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710. Defendant moves concurrently to dismiss the First Amended Complaint and strike class allegations, and to bifurcate and stay class discovery. ECF Nos. 28, 37. The Court carefully reviewed the parties' briefs and heard oral argument on November 13, 2024. For the reasons discussed herein, the Court DENIES both motions.

## I. BACKGROUND

Plaintiffs are subscribers of Mindvalley, which operates a subscription-based online video streaming platform called mindvalley.com. First Am. Compl. ("FAC") ¶¶ 2, 14-15, 23-24, ECF No. 24. Plaintiffs also have Facebook accounts. *Id.* ¶¶ 14-15. To use mindvalley.com, users create an account and then are prompted to take a personalized assessment, input personal information (including their name, zip code, and state) and input payment information, and verify their email address. *Id.* ¶¶ 27-31. Creating an account allows Mindvalley to collect personal information about its users, and allows Mindvalley users to request and view specific content,

access Mindvalley services, and join the Mindvalley community. *Id*. ¶¶ 32-33.

Mindvalley has integrated the "Meta Pixel" into its platform, a tracking tool that collects information about content that users have requested and purchased. *Id*. ¶¶ 41, 66, 69. Through the Meta Pixel, Mindvalley transmits user information to Meta, which utilizes it to create custom audiences for advertising purposes. *Id.* ¶ 63. The information transmitted to Meta includes a user's Facebook ID, a unique numerical identifier that can be used to identify the user, the URL of each Mindvalley page the user visited, and the name(s), title(s), or description(s) of the video materials or services requested. *Id.* ¶¶ 56-69.

Plaintiffs bring this action on behalf of themselves and a putative class of individuals who (1) have Facebook accounts, (2) have Mindvalley accounts, and (3) requested or viewed videos on mindvalley.com.

## II. LEGAL STANDARDS

### A. Rule 12(b)(1) Motion to Dismiss for Lack of Standing

As the party invoking federal jurisdiction, Plaintiffs bear the burden of demonstrating Article III standing. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 430-31 (2021). To establish Article III standing, Plaintiffs must show that they "[have] suffered, or will suffer, an injury that is 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Murthy v. Missouri*, 603 U.S. 43, 57 (2024) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)).

### B. Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). For purposes of a motion to dismiss, the court generally "accept[s] factual allegations in the complaint as true and construe[s]

the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

**C. Rule 12(f) Motion to Strike Class Allegations**

Under Rule 12(f), a party may move to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "While a Rule 12(f) motion provides the means to excise improper materials from pleadings, such motions are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

"Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery." *Sanders v. Apple Inc*., 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009). "Before a motion to strike is granted, the court must be convinced that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed." *Id*.

**III. DISCUSSION**

**A. Judicial Notice and Incorporation by Reference Doctrine**

Mindvalley requests judicial notice of six exhibits taken from its website at different points in time. Request for Jud. Notice ("RJN"), ECF No. 29. The exhibits consist of the Privacy Policy in effect during the earliest potential period of Plaintiffs' subscriptions until the policy was modified on June 23, 2023; the Privacy Policy in effect from June 23, 2023, to present; the Terms & Conditions in effect from August 21, 2021, through May 30, 2024; the Cookie Policy as it appeared on Mindvalley's website during the period of Plaintiffs' subscriptions; the Checkout Page disclosures in effect during the period of Plaintiffs' subscriptions; and the Create Account page as it appeared on Mindvalley's website during the period of the subscriptions. RJN Exs. A-F. Mindvalley notes that these exhibits are "publicly available" on its website. RJN at 1.

United States District Court
Northern District of California

The court may take judicial notice of a fact that is "not subject to reasonable dispute" because it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This includes matters of public record. *See Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) ("[O]n a motion to dismiss the court may properly look to matters beyond the complaint to matters of public record[.]"). The fact that the exhibits may be "publicly available" on Mindvalley's website does not make them subject to judicial notice under Rule 201 as matters of public record or as facts whose accuracy can be readily determined. "The simple act of posting something publicly on the Internet is insufficient assurance of an exhibit's accuracy." *Cappello v. Walmart Inc.*, No. 18-cv-06678-RS, 2019 WL 11687705, at *3 (N.D. Cal. Apr. 5, 2019) (denying judicial notice of the purchase confirmation page, Terms of Use, Privacy Policy, and Notices on Walmart's website because the facts in the exhibits "cannot be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see also Jackson v. Fandom, Inc.*, No. 22-cv-044234-JST, 2023 WL 4670285, at *2 (N.D. Cal. July 20, 2023) (denying the defendant's request for judicial notice because it was "unclear whether the webpages, Terms of Use, and Privacy Policy submitted" were the same versions plaintiff viewed). As Mindvalley identifies no authority for this request, the Court finds that the exhibits are not subject to judicial notice.

Alternatively, Mindvalley asks the Court to incorporate each of the exhibits by reference into the First Amended Complaint. The incorporation by reference doctrine "treats certain documents as though they are part of the complaint itself. The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken – or doom – their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). "[A] defendant may seek to incorporate a document into the complaint 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Id.* at 1002 (citing *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)). The "mere mention" of a document's existence is insufficient to incorporate its contents by reference. *Id.*

Mindvalley relies heavily on *Knievel v. ESPN*, a case identified by the Ninth Circuit as a

"rare instance" in which the court may need to review external documents "to assess the sufficiency of a claim at the pleading stage." *Id.* In *Knievel*, Evel Knievel alleged that ESPN had defamed him by publishing a picture of Knievel with his wife and another woman, with a caption suggesting that Knievel had solicited prostitution. 393 F.3d 1068, 1071, 1073-77 (9th Cir. 2005). ESPN brought a motion to dismiss the defamation action, and included webpages surrounding the subject photograph and caption that the Knievels had not attached to the complaint. *Id.* The district court considered the additional materials under the incorporation by reference doctrine and dismissed the defamation claim, finding that the caption could not be reasonably interpreted as defamatory in the context in which it was published. *Id.*

*Knievel* is distinguishable. In determining whether the plaintiffs stated a claim for defamation as a matter of law, that court was required to examine the "totality of circumstances" in which the allegedly defamatory statement appeared, an analysis that necessitated the consideration of the surrounding materials. *Id.* at 1074-76. The plaintiffs did not dispute ESPN's contention that a viewer accessing the photograph and caption must first access the additional materials, nor did they contest the materials' authenticity. *Id.* at 1076-77.

Mindvalley's exhibits are not incorporated by reference in the First Amended Complaint. They are from different parts of the website than the screenshots Plaintiffs included in the First Amended Complaint, and they do not "form[ ] the basis" of the VPPA claim. *Khoja*, 899 F.3d at 1002. Further, Mindvalley submits the exhibits to establish its defenses: to show that Plaintiffs consented to the disclosure of their personal information when they created their respective accounts and/or purchased content from the website, and to establish a waiver defense to the class allegations. This is not permissible at the pleading stage and is not an appropriate application of the doctrine. "[I]f the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint. Otherwise, defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims." *Khoja*, 899 F.3d at 1002. Accordingly, Mindvalley's request for

United States District Court
Northern District of California

judicial notice and incorporation by reference is DENIED.[1]

**B. Plaintiffs Have Standing to Bring a VPPA Claim.**

Mindvalley moves to dismiss pursuant to Rule 12(b)(1), arguing that Plaintiffs are barred from asserting a VPPA claim on behalf of accountholders who are not mindvalley.com "subscribers" and do not qualify as "consumers" under the VPPA, or who accessed Mindvalley's content without a Meta ID.

Under the VPPA, a "subscription" involves "some type of commitment, relationship, or association (financial or otherwise) between a person and an entity." *Ellis v. Cartoon Network, Inc.*, 803 F.3d 1251, 1256 (11th Cir. 2015). The First Amended Complaint defines the class as follows:

> During the fullest period allowed by law, all persons in the United States who (1) have a Facebook account, (2) have a Mindvalley account, and (3) requested or viewed videos on mindvalley.com.

FAC ¶ 78.

The First Amended Complaint alleges the steps that Mindvalley users take when creating an account, the personal information collected by Mindvalley once the account is created, and the creation of a relationship between Mindvalley and the user through collection of this personal information. FAC ¶¶ 28, 29, 31-36. These allegations are sufficient to establish that putative class members were "subscribers" under the VPPA, and that Plaintiffs have standing to represent the class as it is currently defined. The Rule 12(b)(1) motion to dismiss is DENIED.

**C. Plaintiffs State a Claim under the VPPA.**

**1. Plaintiffs Allege Each Element under 18 U.S.C. § 2710(b)(1).**

Mindvalley moves to dismiss under Rule 12(b)(6) on the ground that Plaintiffs fail to state a VPPA claim. "[T]o plead a plausible claim under section 2710(b)(1), a plaintiff must allege that (1) a defendant is a 'video tape service provider,' (2) the defendant disclosed 'personally identifiable information concerning any customer' to 'any person,' (3) the disclosure was made

---

[1] At hearing, Mindvalley also relied on *Lee v. City of Los Angeles*, where the Ninth Circuit held that the district court had erred in dismissing the plaintiff's 42 U.S.C. § 1983 claims in reliance on additional materials attached to the motion to dismiss. 250 F.3d 668, 688-89 (9th Cir. 2001). *Lee* does not support or require incorporation by reference of Mindvalley's exhibits.

knowingly, and (4) the disclosure was not authorized by section 2710(b)(2)." *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1066 (9th Cir. 2015).

Plaintiffs set forth the following allegations in the First Amended Complaint. Plaintiffs requested and watched videos on mindvalley.com within the last two years while logged into their Facebook accounts. "By doing so, [Plaintiffs'] Mindvalley video viewing history was disclosed to third parties, including Facebook[.]" FAC ¶¶ 14-15. Plaintiffs "did not provide express written consent – in the form required by the VPPA – to the disclosure of [their] video viewing histor[ies]." *Id.* Plaintiffs further allege that Mindvalley has integrated the Meta Pixel throughout its website; that the Pixel collects and transmits "Pixel-specific data" to Meta including the "c_user" cookie; and that the "c_user" cookie is personally identifiable information because it contains a consumer's Meta ID, which is a unique identifier assigned to each Meta user. FAC ¶¶ 56-61, 66. These allegations are sufficient to state a plausible claim for a violation of the VPPA. *See, e.g., Fan v. NBA Props. Inc.*, No. 23-cv-05069-SI, 2024 WL 1297643, at *2 (N.D. Cal. Mar. 26, 2024); *Jackson*, 2023 WL 4670285, at *2.

**2. Plaintiffs Allege Lack of Consent.**

Mindvalley also moves to dismiss the VPPA claim on the ground that Plaintiffs consented to disclosure of their personal information. According to Mindvalley, its Cookie Policy gave Plaintiffs notice of their right to opt out of disclosure in a manner that complies with the statutory notice requirements under 18 U.S.C. § 2710(b)(2). Mot. at 14.

Section 2710(b) provides, in relevant part, that a video tape service provider may only disclose a consumer's personal information to the consumer, or to a third party "with the informed, written consent . . . of the consumer[.]" The informed written consent must be "in a form distinct and separate from any form setting forth other legal or financial obligations of the consumer," and must provide the consumer with a "clear and conspicuous manner" to "withdraw on a case-by-case basis" or "to withdraw from ongoing disclosures, at the consumer's election." 18 U.S.C. § 2710(b)(2)(B).

This argument requires consideration of the content of Mindvalley's Cookie Policy, RJN Ex. D, which in turn requires the Court to incorporate the Policy by reference in the First

Amended Complaint. For the reasons discussed in Section III.A, the Court declines to do so.

Even if the Court could consider the content of the Policy, the VPPA's numerous consent requirements would require the Court to make factual findings regarding how consent was presented to Plaintiffs that are inappropriate at this stage. Plaintiffs adequately allege that Mindvalley failed to obtain informed, written consent from Plaintiffs and other class members in a manner that satisfies § 2710(b)(2)(B). FAC ¶¶ 14, 15, 97. Accordingly, Mindvalley's motion to dismiss under Rule 12(b)(6) is DENIED.

**3. The VPPA Authorizes Injunctive Relief.**

Mindvalley's motion to dismiss Plaintiffs' prayer for injunctive damages is DENIED. The VPPA authorizes damages as well as equitable relief "as the court determines to be appropriate." 18 U.S.C. § 2710(c)(2). Neither *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), nor any other authority cited by Mindvalley, requires this Court to strike Plaintiffs' prayer for injunctive relief under the VPPA at this stage of the proceedings.

**D. Motion to Strike Class Allegations**

Mindvalley moves to strike class allegations under Rule 12(f). Mindvalley argues that Plaintiffs are bound by the class waiver in its Terms and Conditions. For purposes of this motion, Mindvalley assumes that Plaintiffs subscribed "during the relevant limitations period, beginning April 29, 2022." Mot. at 8-9. According to Mindvalley, its Terms and Conditions in effect at that time contained a class waiver. *Id.*; RJN Ex. C. Mindvalley contends that Plaintiffs would have received notice of the class waiver through hyperlinks to the Terms and Conditions, which they would have encountered when enrolling in its services and when completing orders at the Checkout Page.[2] Mot. at 9; RJN Exs. C, E.

Under Section III.A, the Court denied Mindvalley's request to consider portions of its

[2] Mindvalley relies heavily on *Oberstein v. Live Nation Entertainment, Inc.*, where the defendants demonstrated that the plaintiffs received constructive notice of a binding and enforceable arbitration agreement through use of the Live Nation website, and prevailed on their motion to compel arbitration. 60 F.4th 505 (9th Cir. 2023). In so ruling, the Ninth Circuit conducted a fact-specific inquiry of certain portions of the defendants' websites. *Id.* at 515-17. Although the plaintiffs argued on appeal that the district court had relied on incomplete excerpts from the websites, there was no dispute that the webpages at issue contained the notices and that the notices included the arbitration provisions. *Id.* at 518. Here, Plaintiffs dispute the alleged notice received.

United States District Court
Northern District of California

website for purposes of this motion. It cannot therefore conclude that Plaintiffs received adequate notice of the class waiver.

Mindvalley also moves to strike the class definition on the ground that it improperly includes persons who lack standing under the VPPA. As discussed in Section III.B, the First Amended Complaint adequately alleges that Plaintiffs and the putative class members have standing to assert a VPPA claim. Accordingly, the motion to strike class allegations is DENIED.

### E. Motion to Bifurcate and Stay Class Discovery

Finally, Mindvalley moves to bifurcate and stay class discovery until after the Court has ruled on its pending motion to dismiss. Mot. to Bifurcate at 1. "The decision to bifurcate discovery in putative class actions prior to certification is committed to the discretion of the trial court." *True Health Chiropractic Inc v. McKesson Corp.*, No. 13-CV-02219-JST, 2015 WL 273188, at *1 (N.D. Cal. Jan. 20, 2015). In light of the present Order denying Mindvalley's motion to dismiss and strike class allegations, the motion to stay class discovery is DENIED as moot. Mindvalley has not demonstrated that bifurcating class discovery will serve relevant considerations such as promoting judicial efficiency or avoiding prejudice to the parties. Accordingly, the Court DENIES the motion to bifurcate class discovery. *See True Health Chiropractic Inc. v. McKesson Corp*., No. 13-CV-02219-JST, 2015 WL 273188, at *1 (N.D. Cal. Jan. 20, 2015) ("The decision to bifurcate discovery in putative class actions prior to certification is committed to the discretion of the trial court.").

## IV. CONCLUSION

For the foregoing reasons, the Court denies Mindvalley's motions to dismiss the First Amended Complaint and strike class allegations, and to bifurcate and stay class discovery.

**IT IS SO ORDERED.**

Dated: February 14, 2025

Eumi K. Lee
United States District Judge