UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY THORNTON, et al., | Case No. 24-cv-00593-NW |
| Plaintiffs, | |
| v. | **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| MINDVALLEY, INC., | Re: ECF No. 82 |
| Defendant. | |

Plaintiffs Patricia Gooiker and William Finley ("Plaintiffs") have filed a motion for preliminary approval of a class action settlement pursuant to Federal Rule of Civil Procedure 23(e), in accordance with the terms of the Class Action Settlement Agreement and Release ("Settlement Agreement") entered into on March 7, 2025.  The Court has reviewed and considered the Settlement Agreement.

IT IS HEREBY ORDERED as follows:

1.      Defined Terms. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

2.      Preliminary Approval of the Settlement. The Court preliminarily approves the Settlement Agreement, as fair, reasonable, and adequate, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure, pending a final hearing on the Settlement as provided herein. Specifically, the Court finds that the Representative Plaintiffs and Class Counsel have adequately represented the Class in all respects. The Court also preliminarily finds that the Settlement was negotiated at arm's length by informed and experienced counsel after hard-fought litigation on both sides. The relief provided to the Class under the Settlement Agreement is adequate and will provide

a benefit to all Class Members. Moreover, there would be substantial costs, risks and delay associated with proceeding to trial and potential appeal. Finally, the Court preliminarily finds that the Settlement Agreement treats Class Members equitably relative to each other, and provides benefits equally to Members of the Class.

3. Stay of the Action. Pending the Final Fairness Hearing, all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement and this Order, are hereby stayed.

4. Class Definition. The Court preliminarily certifies, solely for purposes of effectuating the Settlement, the following Settlement Class:

> all persons in the United States who: (1) currently have or previously had a Mindvalley account at any point in time prior to the Effective Date; and (2) requested or viewed videos on either of the Mindvalley Websites at any point in time prior to the Effective Date.

5. Representative Plaintiffs. The Court finds and determines, pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, for purposes of the Settlement only, that Plaintiffs Patricia Gooiker and William Finley ("Representative Plaintiffs") will fairly and adequately represent the interests of the Class in enforcing their rights in the Action and appoints them as Representative Plaintiffs. The Court further finds, for purposes of the Settlement only, that they are similarly situated to absent Class Members and have Article III standing to pursue their claims, and are therefore typical of the Class, and that they will be adequate Representative Plaintiffs.

6. Class Counsel. The Court preliminarily appoints Eric S. Dwoskin of Dwoskin Wasdin LLP as Class Counsel for the Settlement Class (collectively, "Class Counsel"). The Court authorizes Class Counsel to enter into the Settlement on behalf of the Representative Plaintiffs and the Class, and to bind them all to the duties and obligations contained therein, subject to final approval by the Court.

7. Preliminary Class Certification for Settlement Purposes Only. The Court preliminarily finds, solely for purposes of the Settlement, that Rule 23 criteria for certification of the Settlement Class exist in that: (a) the Class is so numerous that joinder of all Class Members is

impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Representative Plaintiffs are typical of the claims of the Settlement Class; (d) the Representative Plaintiffs and Class Counsel have and will continue to fairly and adequately represent and protect the interests of the Settlement Class; and (e) Defendant Mindvalley, Inc. has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief is appropriate respecting the class as a whole.  In the event the Court later issues an order denying final approval of the Settlement for any reason, the Class will be automatically decertified by operation of such order, and Plaintiffs will be required to seek class certification by means of a contested motion in connection with any further litigation of this manner.

8.      Class Notice. Because this Settlement provides injunctive relief to and for the Settlement Class, the Court finds and determines that providing notice to the relevant federal and state regulatory authorities pursuant to 28 U.S.C. § 1715 (the "CAFA Notice"), constitutes sufficient notice of the matters and fully satisfies the requirements of due process, Rule 23(e) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and all other applicable laws and rules. *See, e.g.*, *Jeanne and Nicolas Stathakos v. Columbia Sportswear Company et al*., No. 4:15-CV-04543-YGR, 2018 WL 582564, at \*3 (N.D. Cal. Jan. 25, 2018) ("In injunctive relief only class actions certified under Rule 23(b)(2), federal courts across the country have uniformly held that notice is not required.") (collecting cases); *Lilly v. Jamba Juice Co*., No. 13-CV-02998-JST, 2015 WL 1248027, at \*9 (N.D. Cal. Mar. 18, 2015) ("Because, even if notified of the settlement, the settlement class would not have the right to opt out from the injunctive settlement and the settlement does not release the monetary claims of class members, the Court concludes that class notice is not necessary."); *Jermyn v. Best Buy Stores, L.P*., No. 08 CIV. 214 CM, 2012 WL 2505644, at \*12 (S.D.N.Y. June 27, 2012) (quoting *Green v. Am. Express Co*., 200 F.R.D. 211, 212–13 (S.D.N.Y. 2001)) ("Courts have held that no notice is required under several circumstances, including . . . 'when the settlement provides for only injunctive relief, and therefore, there is no potential for the named plaintiffs to benefit at the expense of the rest of the class, . . . when there is no evidence of collusion between the parties, and . . . when the cost of notice would risk eviscerating the settlement agreement.'").

United States District Court
Northern District of California

United States District Court
Northern District of California

9. Final Fairness Hearing. A hearing will be held by this Court in the Courtroom of The Honorable Noël Wise, Judge, United States District Court for the Northern District of California, San Jose Courthouse, 280 South First Street, San Jose, CA 95113, Courtroom 3, at 9:00 a.m. on Wednesday, August 20, 2025 ("Final Fairness Hearing"), to determine:

    a. whether the Settlement should be approved as fair, reasonable, and adequate to the Class;

    b. whether a Final Approval Order should be entered;

    c. whether the Representative Plaintiffs' proposed Settlement Benefits as described in Section II of the Settlement Agreement should be approved as fair, reasonable, and adequate to the Class;

    d. whether to approve the application for settlement amounts and service awards for the Representative Plaintiffs ("Service Awards") and an award of attorneys' fees and litigation expenses for Class Counsel ("Fee Award and Costs"); and

    e. any other matters that may properly be brought before the Court in connection with the Settlement.

The Court may approve the Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Class.

10. Objections and Appearances.

    a. Any Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If a Class Member does not enter an appearance, they will be represented by Class Counsel. Any Class Member who wishes to object to the Settlement, the Settlement Benefits, Service Awards, and/or the Attorneys' Fee Award and Costs, or to appear at the Final Fairness Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Class, why a final judgment should not be entered thereon, why the Settlement Benefits should not be approved, or why the Service Awards and/or the Attorneys' Fee Award and Costs should not be granted, may do so, but must proceed as set forth in this paragraph.

United States District Court
Northern District of California

b. No Class Member or other person will be heard on such matters unless they have filed in this Action, and served concurrently on Class Counsel and Defendant Mindvalley, Inc.'s Counsel, the objection, together with any briefs, papers, statements, or other materials the Class Member or other person wishes the Court to consider, within sixty (60) calendar days following the Preliminary Approval Date. Any objection must include: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class; (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of all counsel representing the objector, if any; (v) the identity of all counsel representing the objector who will appear at the Final Fairness Hearing, if any; (vi) a list of all persons who will be called to testify at the Final Fairness Hearing in support of the objection, if any; (vii) a statement confirming whether the objector intends to personally appear and/or testify at the Final Fairness Hearing; (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation), if any; (ix) a list, by case name, court, and docket number, of all other cases in which the objector (directly or through counsel) has filed an objection to any proposed class action settlement within the last 3 years; (x) a list, by case name, court, and docket number, of all other cases in which the objector's counsel (on behalf of any person or entity) has filed an objection to any proposed class action settlement within the last three (3) years; and (xi) a list, by case name, court, and docket number, of all other cases in which the objector has been a named plaintiff in any class action or served as a lead plaintiff or class representative.

c. To be timely, written notice of an objection in the appropriate form must be filed with the Clerk of the Court no later than sixty (60) days after the Preliminary Approval Date, and served concurrently therewith upon Class Counsel: Eric

Dwoskin at 433 Plaza Real, Ste. 275, Boca Raton, Florida 33432; and the following counsel for Mindvalley, Inc.: John J. Atallah at 555 South Flower Street, Suite 3300, Los Angeles, California 90071.

11.    Release. Upon the entry of the Court's order for final judgment after the Final Fairness Hearing, the Representative Plaintiffs and all Class Members conclusively shall be deemed to have fully, finally, and forever released any claims against defendant Mindvalley, Inc. to the extent defined under the terms and as set forth in the releases in the Settlement Agreement.

12.    Final Approval Briefing and Hearing:

a.    All motions, briefs and supporting documents in support of a request for final approval of the Settlement and Settlement Benefits, and application for attorneys' fees, expenses and Service Awards, must be filed by **Tuesday, May 27, 2025**.

b.    Any oppositions or objections (if any) must be filed by **Tuesday, June 10, 2025**.

**c.**    Any replies to an opposition (or responses to an objection) must be filed by **Tuesday, June 17, 2025**.

d.    A Final Fairness Hearing is scheduled for **Wednesday, August 20, 2025, at 9:00 a.m.**

13.    Reasonable Procedures. Class Counsel and Defendant Mindvalley, Inc.'s counsel are hereby authorized to use all reasonable procedures in connection with approval of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement.

14.    Extension of Deadlines. Upon application of the Parties and good cause shown, the deadlines set forth in this Order may be extended by order of the Court. The Court reserves the right to adjourn or continue the Final Fairness Hearing, and/or to extend the deadlines set forth in this Order, without notice to the Class.

/ / /

/ / /

/ / /

/ / /

/ / /

United States District Court
Northern District of California

15. <u>If Effective Date Does Not Occur</u>. In the event that the Effective Date does not occur, this Preliminary Approval, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

**IT IS SO ORDERED.**

Dated: April 10, 2025

_____

Noël Wise
United States District Judge