Eric S. Dwoskin, admitted *pro hac vice* (edwoskin@dwowas.com)
DWOSKIN WASDIN LLP
433 Plaza Real, Suite 275
Boca Raton, Florida 33432
Phone: 561-849-8060

*Class Counsel*

Julie C. Erickson, State Bar No. 293111 (julie@eko.law)
Elizabeth A. Kramer, State Bar No. 293129 (elizabeth@eko.law)
Kevin M. Osborne, State Bar No. 261367 (kevin@eko.law)
ERICKSON KRAMER OSBORNE LLP
44 Tehama Street
San Francisco, CA 94105
Phone: 415-635-0631
Fax: 415-599-8088

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| PATRICIA GOOIKER, WILLIAM FINLEY, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MINDVALLEY, INC.,<br><br>Defendant. | Case No.: 5:24-cv-00593-NW<br><br>**DECLARATION OF JULIE C. ERICKSON IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF RULE 23(B)(2) CLASS ACTION SETTLEMENT, SERVICE AWARDS, AND ATTORNEYS' FEES AND COSTS**<br><br>Date:         August 20 2025<br>Time:        9:00 a.m.<br>Courtroom: 3<br>Judge:       Hon. Noël Wise |

I, Julie C. Erickson, hereby declare as follows:

1. I am a partner at the law firm of Erickson Kramer Osborne LLP ("EKO"), co-counsel of record for Plaintiffs in this matter. I am admitted to practice before this Court and am a member in good standing of the bar of the State of California. I respectfully submit this declaration in support of Plaintiffs' Motion for Final Approval of Rule 23(b)(2) Class Action Settlement, Service Awards, and Attorneys' Fees and Costs. I make the following declaration based on my own personal knowledge and, where indicated based on information and belief that the following statements are true. If called upon as a witness, I could and would competently testify as follows.

2. I have been actively involved in the litigation of this matter, which began as a putative class action on behalf of Mindvalley users in relation to Mindvalley's practice of disclosing users' video request and viewing history to Meta via an online tracking technology called the Meta Pixel.

### EKO's Experience

3. My partners and I have extensive experience in class action litigation and have been approved by federal courts in the Ninth Circuit to serve as class counsel in numerous class actions and class action settlements. In our combined three decades of experience, we have litigated over 50 class actions, including data and privacy lawsuits. Our experience includes federal and state class actions in Washington, California, New York, Idaho, Nevada, Illinois, Florida, and Guam. My partners and I have been recognized as among the most skilled in complex litigation and trial advocacy by the National Trial Lawyers, Thompson Reuters Super Lawyers, Best Lawyers In America, and others. A true and correct copy of my firm's curriculum vitae is attached hereto as **Exhibit 1**.

4. I am a founding partner of EKO. I have worked on a variety of class actions, complex coordinated proceedings, and MDLs involving data privacy rights, consumer fraud, and sexual abuse matters. Most recently, I was appointed class counsel in *Felker v. JRK Residential Group, Inc.*, Case No. SCV-267587 (Cal. Sup. Ct. 2024), a certified class action involving tenants' rights. I was also named class counsel in *A.B. v. Regents of University of California*, No.

DECLARATION OF JULIE C. ERICKSON IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL

Case No.: 5:24-cv-00593-NW

1

2:20cv09555 (C.D. Cal. 2022) ($73 million settlement), a sexual abuse class action against UCLA, and in *Mehta v. Robinhood Financial LLC*, Case No. 5:21-cv-01013 (N.D. Cal. 2022) ($20 million settlement), a data privacy rights class action. I also served as class counsel in *Bow v. Suddenlink*, Case No. TCU21-7785 (Nev. Sup. Ct. 2022), a false advertising injunctive relief class action against an internet service provider.

      I have also served as class counsel on numerous employment and wage and hour class actions alleging wage and hour violations, managerial misclassification, and independent contractor misclassification. I have been named a Super Lawyers "Rising Star" for Northern California for the last five years. I was also named one of the "Top 40 under 40" civil plaintiffs lawyers and one of the "Top 10 Wage & Hour Trial Lawyers in California" by The National Trial Lawyers. In 2020, I was named the "Outstanding New Lawyer of the Year" by the San Francisco Trial Lawyers Association and was also nominated for the award in 2019. Prior to founding EKO in 2020, I worked at The Arns Law Firm, where, for over seven years, I led the firm's class action practice. I also served as an adjunct professor at the University of San Francisco School of Law where I taught the course "Litigating Workers' Rights in the Gig Economy," which covers both employment law and class action procedure. My current billing rate on this case is $950 per hour.

    5.    Kevin Osborne is a founding partner of EKO. Mr. Osborne has 16 years of experience in complex litigation, representing plaintiffs in a variety of class actions and mass actions involving employment, online privacy, consumer fraud, securities fraud, and elder abuse, as well as individual litigation involving personal injury and products defects. Most recently, he served as class counsel in *Mehta v. Robinhood Financial LLC*, Case No. 5:21-cv-01013 (N.D. Cal) ($20 million settlement), an account takeover class action. He was also appointed class counsel in *Minix v. Sutter Health*, Case No. RG20061295 (Cal. Sup. Ct. 2024) ($1.9 million settlement), a first-of-its-kind certified workplace injury class action. Mr. Osborne additionally served as class counsel in *Felker v. JRK Residential Group, Inc.*, Case No. SCV-267587 (Cal. Sup. Ct.) (settlement pending), a certified class action involving tenants' rights. He served as class counsel in *Garza v. Bitwise,* Case No. 23CECG02098 (Cal. Sup. Ct. 2024) ($20+ million

DECLARATION OF JULIE C. ERICKSON IN SUPPORT OF           Case No.: 5:24-cv-00593-NW
PLAINTIFFS' MOTION FOR FINAL APPROVAL

2

settlement), a WARN Act violation class action. Mr. Osborne also has trial experience, having tried numerous cases to juries in California, including *Matias v. Star-J Trucking* ($1+ million verdict); *Frias v. California Materials* ($2+ million verdict); and *Reclusado v. Smith* ($2+ million verdict). Mr. Osborne has been named a top-rated class action and mass torts attorney by Super Lawyers for numerous years as well as one of the Top 100 Civil Plaintiffs Lawyers by The National Trial Lawyers. He also serves as a member of the advisory board of the Katharine & George Alexander Community Law Center, part of Santa Clara University School of Law, which provides pro bono advice and representation to advance the rights of workers and consumers. Mr. Osborne's current billing rate on this case is $950 per hour.

6. Elizabeth Kramer is a founding partner of EKO. Ms. Kramer has extensive experience litigating complex MDL and class actions involving securities and financial fraud, consumer fraud, privacy violations, civil rights, sexual assault, and cryptocurrency matters. She is serving as class counsel in *B.P., et al., v. City of Johnson City, et al.,* Case No. 2:23-cv-71 (E.D. Tenn) ($28 million settlement), a civil rights class action on behalf of sexual assault survivors. She is also serving as lead counsel in *Donovan v. GMO-Z.com Trust Company, Inc.,* Case No. 1:23-cv-08431 (S.D.N.Y.), a cryptocurrency class action. Prior to founding EKO in 2020, Ms. Kramer worked for the reputable class action law firm Girard Sharp LLP (formerly Girard Gibbs LLP). Ms. Kramer has been named a Super Lawyer "Rising Star" for Northern California for numerous years, including a designation as being a top-rated civil litigation attorney in San Francisco. She has also been named one of the "Best Lawyers in America" by Best Lawyers. Ms. Kramer's current billing rate on this case is $950 per hour.

## Attorneys' Fees

7. Before and throughout the duration of this litigation, my partners and I met to discuss ways to efficiently divide the work and allocate resources to avoid unnecessary overlap and duplication of efforts, costs, and expenses. Over the course of the litigation, Class Counsel and EKO attorneys were required to perform independent investigation, legal research and writing related to motion practice, and otherwise litigate the case vigorously through settlement.

DECLARATION OF JULIE C. ERICKSON IN SUPPORT OF　　　　Case No.: 5:24-cv-00593-NW
PLAINTIFFS' MOTION FOR FINAL APPROVAL
3

8. During the litigation of this case, EKO consisted of three attorneys: myself, Mr. Osborne, and Ms. Kramer. We handle concurrently approximately 12 class actions at any given time. We were precluded from taking on other potentially lucrative matters due to the commitment involved in this case.

9. My partners and I prepared timesheets contemporaneously throughout this litigation. I have reviewed my time records and those of my partners and believe that they fairly reflect the amount of time spent in this matter by each of us. In fact, it is my belief that each of us had an additional amount of time which was not accounted for, simply because we often took calls or had meetings which were not immediately memorialized. Where appropriate, I have also selectively reduced or eliminated time which I felt exceeded what was necessary for a given task.

10. EKO has worked a total of 203.4 hours of attorney time litigating this case, representing a total lodestar of $193,230.00 and an overall blended hourly rate (lodestar divided by total hours) of $950. All of the work represented by these hours was for the benefit of the class, and the time spent was reasonable. I am confident that the hours totals reported in this declaration for EKO are below the time actually expended in this litigation and reflect the application of billing judgment.

11. **Julie Erickson**: I billed a total of 94.7 hours in this case, which amounts to a lodestar $89,965.

12. **Kevin Osborne**: I have reviewed the hours entered by my partner Mr. Osborne and they comport with my recollection of the time which he spent on this case. Mr. Osborne has a total of 71.6 hours on this case, for a total lodestar of $68,020.

13. **Elizabeth Kramer**: I have reviewed the hours entered by my partner Ms. Kramer and they comport with my recollection of the time she spent on this case. Ms. Kramer has a total of 37.1 hours on this case, for a total lodestar of $35,245.

14. I have reviewed the hours kept contemporaneously with our work and can attest that these hours break down by attorney and by category as follows:

DECLARATION OF JULIE C. ERICKSON IN SUPPORT OF   Case No.: 5:24-cv-00593-NW
PLAINTIFFS' MOTION FOR FINAL APPROVAL
4

|  | *Julie Erickson* | *Kevin Osborne* | *Elizabeth Kramer* | **TOTAL** |
|---|---|---|---|---|
| *Motion practice/filings* | 28.3 | 18.7 | 5.2 | **52.2** |
| *Discovery* | 14.1 | 11.1 | 4.9 | **30.1** |
| *Case Management* | 17.7 | 9.6 | 16.6 | **43.9** |
| *Research* | 5.2 | 15.8 | 4.4 | **25.4** |
| *Court Appearances* | 5.9 | 0.5 | 0 | **6.4** |
| *Mediation* | 18.8 | 3.4 | 1.5 | **23.7** |
| *Investigation* | 4.7 | 12.5 | 4.5 | **21.7** |
| *Experts* | 0 | 0 | 0 | **0** |
| **TOTAL** | **94.7** | **71.6** | **37.1** | **203.4** |

15. Copies of detailed timesheets and expenses will be made available for *in camera* review if requested by the Court.

16. Of all hours worked on this case by EKO's attorneys, there was little to no duplication of effort, as we divided up the work as noted into discrete tasks. For all hours worked, including by me, I exercised my discretion to cut hours where I felt time was non-compensable or exceeded what was reasonably necessary to accomplish the task in question. I have reduced some of my time for meetings with co-counsel, where I felt our time in talking jointly, for example, may have been duplicative. We consciously assigned work to be done as efficiently and effectively as possible in accordance with our respective skills, expertise, and availability. I believe this division of effort contributed to efficiently obtaining the settlement reached between the parties.

17. Additional attorney hours will be necessary to complete the final approval process and ensure proper administration of the Settlement. This future work is not reflected in the lodestar before the Court.

18. The hourly rates for the attorneys in my firm, as listed herein, represent our usual and customary billing rates and are in line with rates for attorneys of comparable skill, experience, and qualifications that have been approved by federal courts within the Ninth Circuit, including this District, and other actions in California state courts. *See, e.g., Mehta v. Robinhood Financial LLC*, Case No. 21-CV-01013-SVK, Dkt. 83, Order Granting Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees (N.D. Cal., May 15,

2023) (approving EKO's 2023 blended rate of $792 per hour); *A.B., et al. v. The Regents of the University of California, et al.* ("*UCLA*"), Case No. 2:20-cv-09555, Dkt. 79, Order Granting Plaintiffs' Motion for Attorneys' Fees (C.D. Cal. May 23, 2022) (approving EKO's 2020-2022 hourly rates of $700 (Kramer and Erickson) and $775 (Osborne))*; Torres v. North Pacific Seafoods, Inc.* ("*NPSI*"), Case No. 2:20-cv-01545-JLR, 2021 WL 7366176, at *2 (W.D. Wash. Dec. 9, 2021) (same);[1] *Cottle v. Plaid Inc.*, Case No. 4:20-cv-03056-DMR, 2022 WL 2829882, at *11 (N.D. Cal. July 20, 2022) (finding partner hourly rates of $850 to $1,025 to be reasonable and in line with rates in the Northern District of California community); *Fowler v. Wells Fargo Bank, N.A.*, 2019 WL 330910, *7 (N.D. Cal. Jan. 25, 2019) (attorney rates of between $300 and $850 per hour for associates and partners were reasonable); *Hefler v. Wells Fargo & Co.*, 2018 WL 6619983, at *14 (N.D. Cal. Dec. 18, 2018) (rates "from $650 to $1,250 for partners or senior counsel" were reasonable); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, No. 2672 CRB (JSC), 2017 WL 1047834, at *5 (N.D. Cal. Mar. 17, 2017) (finding reasonable rates of $275 to $1,600 for partners and $150 to $790 for associates); *see also* Laffey Matrix, http://www.laffeymatrix.com/see.html (listing hourly rate of $948 for attorneys with similar years of experience as EKO partners).

19. My firm has not incurred any litigation expenses.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on May 27, 2025 in San Mateo, California.

*/s/ Julie C. Erickson*
Julie C. Erickson

---

[1] In accordance with standard practice and the Laffey Matrix, EKO partners increased their billing rates in 2024 from those approved of in *UCLA* and *NPSI* by a reasonable amount.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of May 2025, the foregoing **DECLARATION OF JULIE C. ERICKSON IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF RULE 23(B)(2) CLASS ACTION SETTLEMENT, SERVICE AWARDS, AND ATTORNEYS' FEES AND COSTS** was filed and served using the CM/ECF system, which will serve as notification of such filings on all counsel of record.

*/s/ Julie C. Erickson*
Julie C. Erickson
ERICKSON KRAMER OSBORNE LLP
44 Tehama St.
San Francisco, CA 94105
Phone: 415-635-0631
Fax: 415-599-8088
julie@eko.law

*Attorneys for Plaintiffs*