Eric S. Dwoskin, admitted *pro hac vice* (edwoskin@dwowas.com)
DWOSKIN WASDIN LLP
433 Plaza Real, Suite 275
Boca Raton, Florida 33432
Phone: 561-849-8060

*Class Counsel*

Julie C. Erickson, State Bar No. 293111 (julie@eko.law)
Elizabeth A. Kramer, State Bar No. 293129 (elizabeth@eko.law)
Kevin M. Osborne, State Bar No. 261367 (kevin@eko.law)
ERICKSON KRAMER OSBORNE LLP
44 Tehama Street
San Francisco, CA 94105
Phone: 415-635-0631
Fax: 415-599-8088

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| PATRICIA GOOIKER, WILLIAM FINLEY, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MINDVALLEY, INC.,<br><br>Defendant. | Case No.: 5:24-cv-00593-NW<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF RULE 23(B)(2) CLASS ACTION SETTLEMENT, SERVICE AWARDS, AND ATTORNEYS' FEES AND COSTS**<br><br>Date:       August 20, 2025<br>Time:       9:00 a.m.<br>Courtroom: 3<br>Judge:      Hon. Noël Wise |

WHEREAS, on April 10, 2025, the Court entered an order granting preliminary approval of the Class Action Settlement Agreement and Release ("Settlement Agreement") entered into on March 7, 2025 between Plaintiffs Patricia Gooiker and William Finley ("Plaintiffs") and Defendant Mindvalley, Inc. ("Mindvalley"), certifying the Settlement Class for injunctive relief purposes, appointing Class Counsel, appointing Plaintiffs as Class Representatives, and setting a schedule for final approval. ECF 88 ("Preliminary Approval Order").

WHEREAS, on May 27, 2025, Plaintiffs moved for final approval of the Settlement Class. On August 20, 2025, the Court held a Final Approval Hearing to determine whether the proposed Settlement is fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e), and whether judgment should be entered dismissing this litigation with prejudice.

WHEREAS, having considered Plaintiffs' Motion for Final Approval of Class Action Settlement; all supporting materials thereto; and the oral argument of counsel, IT IS HEREBY ORDERED as follows:

1. <u>Defined Terms</u>. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

2. <u>Final Approval of the Settlement</u>. The Court approves the Settlement Agreement, as fair, reasonable, and adequate, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure. Specifically, the Court finds that the Settlement Class Representatives and Settlement Class Counsel have adequately represented the Settlement Class in all respects. The Court also finds that the Settlement was negotiated at arm's length by informed and experienced counsel after hard-fought litigation on both sides. The injunctive relief provided to the Class under the Settlement Agreement is adequate and will provide a benefit to all Class Members. Moreover, there would be substantial costs, risks and delay associated with proceeding to trial and potential appeal. Finally, the Court finds that the Settlement Agreement treats Settlement Class Members equitably relative to each other, and provides benefits equally to Members of the Settlement Class.

3. <u>Injunction</u>. Mindvalley shall adopt, implement, and/or maintain the following privacy commitments:

a. For a period of two years following the Effective Date, Mindvalley agrees to disable the operation of the Meta Pixel on or for any and all webpages on the home.mindvalley.com domain that host video content or offer video content for purchase by users in the United States.

b. For a period of two years following the Effective Date, Mindvalley agrees that, for any and all individual users in the United States, Mindvalley will not use the Meta Pixel on any webpage on the www.mindvalley.com domain unless and until the individual user provides affirmative consent by clicking "Accept All Cookies," or by clicking "Manage Settings" and thereafter selecting the option to enable tracking cookies, on a pop-up banner meeting substantially the following criteria:

  i. The banner will appear when the user first interacts with a webpage on the www.mindvalley.com domain.

  ii. The banner will contain the following text: This website uses cookies and tracking technologies that may record your activities (such as the videos and other products you request, consider, view, or purchase on the website) and share that data with third-party providers, including social media, advertising, and analytics partners. This data may include information which identifies you as having requested or obtained specific video materials or services from Mindvalley. To opt out, click Reject All Non-Essential Cookies. By clicking Accept All Cookies, or by enabling tracking cookies through the Manage Settings prompt, you consent to our use of these technologies and data sharing. For more details, see our **Privacy Policy**.

  iii. The banner will include, after the text described in Section 2.1(b)(ii), three buttons that a user can click with associated text stating "Accept All Cookies," "Reject All Non-Essential Cookies," and "Manage Settings."

  iv. If a user clicks "Reject All Non-Essential Cookies" on the banner, the Meta Pixel will not be installed on the user's web browser by the

      www.mindvalley.com website, nor will the Meta Pixel be used to collect data regarding the user's use of the www.mindvalley.com website.

   v. If a user clicks "Manage Settings" on the banner, a prompt will be opened within the banner that includes a clear and conspicuous option for the user to enable tracking cookies.

   vi. The www.mindvalley.com website will not install the Meta Pixel on a user's web browser or use the Meta Pixel to collect data regarding a user's use of the www.mindvalley.com website, unless and until the user either: (a) clicks "Accept All Cookies" on the banner; or (b) clicks "Manage Settings" on the banner and thereafter selects the option to enable tracking cookies.

   vii. These criteria are provided without prejudice to Mindvalley's right to update, during and after the two-year period contemplated herein, the content and functionality of the pop-up banner, to the extent such updates are required by any applicable law or regulation.

4. <u>Class Definition and Certification</u>. The Court incorporates its preliminary conclusions in the Preliminary Approval Order (ECF 88) regarding the satisfaction of Federal Rule of Civil Procedure 23(a) and (b) and re-certifies, solely for purposes of the Settlement Agreement and this Final Approval Order, the following Settlement Class:

> all persons in the United States who: (1) currently have or previously had a Mindvalley account at any point in time prior to the Effective Date; and (2) requested or viewed videos on either of the Mindvalley Websites at any point in time prior to the Effective Date.

5. <u>Representative Plaintiffs</u>. The Court re-appoints Patricia Gooiker and William Finley as Representative Plaintiffs and concludes they have fairly and adequately represented the Settlement Class and shall continue to do so.

6. <u>Class Counsel</u>. The Court re-appoints Eric S. Dwoskin of Dwoskin Wasdin LLP as Class Counsel for the Settlement Class (collectively, "Class Counsel"). Class Counsel have fairly and adequately represented the Settlement Class and shall continue to do so.

7. <u>Class Notice</u>. Because this Settlement provides injunctive relief to and for the Settlement Class, the Court finds and determines that providing notice to the relevant federal and state regulatory authorities pursuant to 28 U.S.C. § 1715 (the "CAFA Notice"), constitutes sufficient notice of the matters and fully satisfies the requirements of due process, Rule 23(e) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and all other applicable laws and rules. *See, e.g.*, *Jeanne and Nicolas Stathakos v. Columbia Sportswear Company et al*., No. 4:15-CV-04543-YGR, 2018 WL 582564, at *3 (N.D. Cal. Jan. 25, 2018) ("In injunctive relief only class actions certified under Rule 23(b)(2), federal courts across the country have uniformly held that notice is not required.") (collecting cases); *Lilly v. Jamba Juice Co*., No. 13-CV-02998-JST, 2015 WL 1248027, at *9 (N.D. Cal. Mar. 18, 2015) ("Because, even if notified of the settlement, the settlement class would not have the right to opt out from the injunctive settlement and the settlement does not release the monetary claims of class members, the Court concludes that class notice is not necessary."); *Jermyn v. Best Buy Stores, L.P*., No. 08 CIV. 214 CM, 2012 WL 2505644, at *12 (S.D.N.Y. June 27, 2012) (quoting *Green v. Am. Express Co*., 200 F.R.D. 211, 212–13 (S.D.N.Y. 2001)) ("Courts have held that no notice is required under several circumstances, including . . . 'when the settlement provides for only injunctive relief, and therefore, there is no potential for the named plaintiffs to benefit at the expense of the rest of the class, . . . when there is no evidence of collusion between the parties, and . . . when the cost of notice would risk eviscerating the settlement agreement.'").

8. <u>Attorneys' Fees and Expenses</u>. The Court awards the Class Counsel the requested sum of $450,000 (the "Fee Award") to be paid by Mindvalley per the terms of the Settlement Agreement:

    a. The Court finds $445,247.79 for attorneys' fees to be reasonable, which represents an implied multiplier of approximately .63 on reported lodestar of $703,665.00. through May 23, 2025, for a number of reasons, including, in particular: (i)

achieving important injunctive relief for the Settlement Class representing the full prospective relief sought by Plaintiffs in this case; (ii) the many risks of the case and the skill of Mindvalley's counsel; (iii) the duration, entirely contingent and risky nature of the litigation; and (iv) the perseverance, skill and dedication Settlement Class Counsel demonstrated throughout the litigation.

    b. The Court also awards this amount for attorneys' fees because it was agreed to by Mindvalley in the Settlement Agreement (pending Court approval) which is an independent basis for approval under Fed. R. Civ. P. 23(h) ("the Court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement").

    c. The Court finds that the expenses of $4,752.21 were reasonably incurred in the prosecution of this case, are of the nature and amount customarily required for such litigation. Mindvalley agreed to pay litigation expenses as part of the Fee Award. *See also* Fed. R. Civ. P. 23(h) (Court may award nontaxable costs to Class Counsel as agreed to by Defendant).

9. <u>Class Representative Service Awards</u>. The Court awards the Class Representatives the requested sum of $5,000 each (the "Class Representative Award") to be paid by Mindvalley per the terms of the Settlement Agreement:

    a. Further finding that the Settlement Class Representatives fulfilled all of the duties of class representatives and ably and substantially assisted Settlement Class Counsel throughout this litigation and that the VPPA provides the Court may award $2,500 in statutory damages [18 U.S.C.A. § 2710(c)(2)(A)], the Court hereby grants the requested $5,000 Service Awards to each of them ($10,000 combined) to be paid by Mindvalley. These amounts are consistent with Service Awards approved in other cases in this District. *See Campbell v. Facebook, Inc.,* 2017 WL 3581179, at *4, *8 (N.D. Cal. Aug. 18, 2017) (approving an incentive award of $5,000 in injunctive relief only class settlement); *see also In re Yahoo Email Litig.*, 2016 WL 4474612, at *11 (N.D. Cal. Aug. 25, 2016) (approving an incentive award of $5,000

where the class settlement included declaratory and injunctive relief). These awards are particularly appropriate here where the Class Representatives are releasing their individual money damages claims as specified in the Settlement Agreement, but no other Settlement Class Member is.

10. <u>Release</u>. The Settlement Class Representatives and all Settlement Class Members conclusively are deemed to have fully, finally, and forever released any claims for injunctive relief against defendant Mindvalley, Inc. to the extent defined under the terms and as set forth in the releases in the Settlement Agreement. The Settlement Class Representatives (but not any other members of the Settlement Class) also release their individual claims for money damages, as also defined under the terms and as set forth in the releases in the Settlement Agreement.

11. <u>Schedule for Distribution</u>. The Court directs Mindvalley to distribute the amounts approved above per the terms of the Settlement Agreement.

   a. The payments above shall be made to an account established by Class Counsel within the time periods identified below. Class Counsel shall thereafter distribute the award of attorneys' fees, costs, and expenses among Class Counsel and Erickson Kramer Osborne LLP and service awards to the Representative Plaintiffs. Approved attorneys' fees, costs, and expenses shall be allocated between Class Counsel and Erickson Kramer Osborne LLP in their discretion.

      i. Mindvalley shall pay the approved amount to the Representative Plaintiffs via wire transfer to the account established by Class Counsel no later than 14 days after the Court enters this final approval order.

      ii. Mindvalley shall pay the approved amount for a payment of expenses, costs, and/or attorneys' fees to Class Counsel via wire transfer to the account established by Class Counsel by the later of: (a) 14 days after the Court enters this final approval order; or (b) eight (8) months after the Settlement Agreement was executed. In the event this final approval order was entered less than eight (8) months after the Settlement Agreement was executed, Mindvalley shall pay the approved amount via wire transfer to the account

established by Class Counsel on the following payment schedule: (a) Mindvalley shall pay 50% of the approved amount no later than 14 days after the Court enters this final approval order; and (b) Mindvalley shall pay the remaining 50% of the approved amount in three equal installments spaced evenly over the time period between entry of this final approval order and eight (8) months after the date the Settlement Agreement was executed.

12. <u>Retention of Jurisdiction</u>. The Court will retain jurisdiction over the implementation and enforcement of the Settlement Agreement and all terms of this Order.

13. <u>Entry of Judgment</u>. This Order shall constitute a final judgment.

**IT IS SO ORDERED**.

DATED: _____     _____
                                  Hon. Noël Wise
                                  United States District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of May 2025, the foregoing **[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF RULE 23(b)(2) CLASS ACTION SETTLEMENT, SERVICE AWARDS, AND ATTORNEYS' FEES AND COSTS** was filed and served using the CM/ECF system, which will serve as notification of such filings on all counsel of record.

*/s/ Julie C. Erickson*
Julie C. Erickson
ERICKSON KRAMER OSBORNE LLP
44 Tehama St.
San Francisco, CA 94105
Phone: 415-635-0631
Fax: 415-599-8088
julie@eko.law

*Attorneys for Plaintiffs*